## In re Contempt of Gonzalez
*[Cite as 8 AOA 354]*

*Case No. 57768*
*Cuyahoga County, (8th)*
*Decided December 13, 1990*

*Janice Mazurkiewcz, 616 Marion Building, Cleveland, Ohio 44113 and Vincent F. Gonzalez, Pro Se, 2159 West Boulevard, Cleveland, Ohio 44102, for Plaintiff-Appellant.*

*John T. Corrigan, Prosecuting Attorney of Cuyahoga County and Timothy J. McGinty, Assistant, The Justice Center 1200 Ontario Street, Cleveland, Ohio 44113, for Defendant-Appellee.*

PARRINO, J.

Appellant, Vincent F. Gonzales, was found to be in contempt of court by the Cuyahoga County Court of Common Pleas in case number CR-199295. On May 19, 1989 appellant was sentenced to be incarcerated ten days in the Cuyahoga County jail and fined $500.00. Appellant filed a timely notice of appeal.

The relevant facts follow:

Appellant is an attorney who had been representing Efrain Figueroa in criminal case

number 199295 on a charge of rape of a minor. The trial was rather heated culminating in an outburst from the defendant when the jury returned a guilty verdict. The trial judge was forced to have defendant Figueroa escorted from the courtroom; thereafter he addressed appellant as follows:

"THE COURT. Mr. Gonzalez, the Court finds you in contempt of Court *for many acts of contempt committed in the presence of the Court.* The Court is going to -- since you are in trial -- Friday at eleven o'clock for sentence on your contempt citation. (Emphasis added.)

"MR. GONZALEZ. Thank you, your honor."

On May 19, 1989, at the sentencing hearing, the trial judge and appellant had the following exchange:

"THE COURT. Be seated. This is the matter of Vincent Gonzalez. Would you step forward, please?

"The Court has found you in contempt of Court on several occasions for numerous acts of contempt. Do you have anything to say before the Court passes sentence?

"MR. GONZALEZ. Your Honor, yes. I'd like to know what specific acts of contempt I've committed --

"THE COURT. Is that all you have to say?

"MR. GONZALEZ. No, your Honor. I'd like to respond to them once I've been advised what they are.

"THE COURT. You will have the opportunity at sometime later, after your appeal. Do you have anything to say?

"MR. GONZALEZ. Nothing, your Honor."

Appellant raises four assignments of error on appeal as follows:

"I. THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT OF COURT WITHOUT ADVISING HIM OF THE SPECIFIC NATURE OF THE CONTEMPT AND AFFORDING HIM AN OPPORTUNITY TO RESPOND.

"II. THE TRIAL COURT ERRED IN HOLDING APPELLANT TO BE IN CONTEMPT SINCE HIS CONDUCT AT TRIAL WAS NOT OUTRAGEOUS BUT WAS, IN FACT, AN ATTEMPT AT FACILITATING THE SEARCH FOR THE TRUTH.

"III. THE TRIAL COURT ERRED IN HOLDING APPELLANT IN CONTEMPT SINCE HE DID NOT EVIDENCE A RECKLESS DISREGARD FOR HIS PROFESSIONAL DUTY.

"IV. THE PENALTY IMPOSED ON APPELLANT WAS EXCESSIVE."

Appellant's four assignments of error lack merit.

Appellant contends the trial court erred in finding defendant in contempt. Appellant argues the trial court failed to identify the individual instances of contempt and further, the trial court failed to allow appellant to present a defense. Finally, appellant contends the sentence imposed was more severe than sentences in other similar cases. Appellant's arguments are unpersuasive Since appellant's four assignments of error are interrelated the court will consider and determine them together. This court has previously addressed the issue of contempt holding as follows:

"The first distinction is between criminal and civil contempt which are distinguished by the character and purpose of the punishment issued to the contemnor. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St. 2d 250, 18 O.O. 3d 446, 416 N.E. 2d 610. The purpose of civil contempt citation is to coerce whereas the purpose of criminal contempt is to punish:

"'Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce the appellees to obey the consent judgment decree, or was it to punish them for past violations?' *Id.* at 254, 18 O.O. 3d at 449, 416 N.E. 2d at 613.

"***

"Criminal contempt may be direct or indirect. Indirect contempt is that which is committed outside the presence of the court. *State v. Jaffrin* (App. 1956), 74 Ohio Law Abs. 577, 2 O.O. 2d 486, 136 N.E. 2d 436. *Direct contempt is an act of 'of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.'* (Emphasis added.) R.C. 2705.01.

"***

"Direct contempt may be summarily punished. R.C. 2705.01 states in full:

"'A court, or judge at chambers, may summarily punish* a person guilty of misbehavior in the presence of or so near the court or

judge as to obstruct the administration of justice.'"(Emphasis added.) *In Re McGinty* (1986), 30 Ohio App. 3d 219, 223.

"In criminal contempt cases proof beyond a reasonable doubt is required. *Brown v. Executive 200, Inc., supra.* Courts have overruled contempt citations where the citing court has specifically applied a less stringent standard on the record. In the case *sub judice,* there is no indication the court applied any standard other than proof beyond a reasonable doubt." *Id.* at 224.

In the case *sub judice,* appellant was held in direct criminal contempt for incidents of misbehavior in the presence of the court, as such it is within the discretion of the trial court to summarily punish appellant. The trial judge, however, was required to inform appellant that he had been found in contempt. If the trial judge has so informed appellant, then it is within the discretion of the trial judge to summarily sentence appellant.

During the course of the trial, the judge did in fact, explicitly inform appellant he was in contempt of court. Upon redirect examination of Efrain Figueroa the court stated as follows:

"THE COURT. You were trying to do it again, and you want to ask another question about sexual activity. I specifically told you before this case started, that you were not to do that. This court is going to hold you in contempt for that.

"MR. GONZALEZ (Appellant). Your Honor, very well, if that's what the court wishes to do.

"THE COURT. I'll dispose of the matter when this case is over." (R. 503-504).

Clearly the court had informed appellant he was in contempt. Furthermore, appellant acknowledged this finding. The trial judge then instructed appellant that the contempt matter would be dealt with at the conclusion of trial. In addition, the record is replete with instances of contemptible conduct on the part of appellant followed by warnings from the trial judge. Although these warnings may not have explicitly stated appellant was being held in contempt, they were definite enough to put appellant on notice that his court room behavior was unacceptable. The court is under no obligation to allow appellant a chance to defend his conduct by arguing the merits of the contempt at the sentencing hearing. Such a defense, if any, should have been properly raised on appeal, R.C. 2705.09, or at the time the court found appellant in direct contempt. Appellant cannot now claim he had no notice of what the contempt charges entailed.

The trial court was required to find defendant guilty of contempt beyond a reasonable doubt. In the passage quoted *supra,* appellant continued to ask questions concerning the victim's sexual activity despite being warned not to by the court. The case already had one mistrial and the judge was attempting to protect this trial. Appellant had exceeded the bounds of zealous advocation for his client and was not only showing a reckless disregard for his professional duty, but his outrageous conduct was obstructing justice in the direct presence of the court. Clearly appellant was guilty of direct criminal contempt beyond a reasonable doubt and the court did not err by so holding.

In addition, the fact that other contemnors may have received more lenient punishments is of no relevance. The only issue is whether the sentence exceeded the authority of the trial judge. Appellant does not make such an argument, nor is such an argument available *sub judice.* Therefore, the trial court did not err in holding appellant to be in direct criminal contempt of court.

Accordingly, appellant's four assignments of error are not well taken and overruled.

Judgment affirmed.

PATTON, C.J., and McMANAMON, J., concur.