BURT, APPELLANT, *v.* DODGE, JUDGE, ET AL., APPELLEES.

[Cite as *Burt v. Dodge* (1992), 65 Ohio St.3d 34.]

(No. 91–1873—Submitted July 29, 1992—Decided October 21, 1992.)

*Earl H. Moore,* for appellant.

*Lee C. Falke,* Prosecuting Attorney, and *Kenneth R. Pohlman,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.* To obtain a writ of prohibition, a relator must show that the respondent has exercised judicial or quasi-judicial power, that the exercise of power was unauthorized by law, and that the relator has no adequate remedy at law. *State ex rel. Collins v. O'Farrell* (1991), 61 Ohio St.3d 142, 143, 573 N.E.2d 113, 115.

Issuing an arrest warrant is of course an exercise of judicial power. However, the court of appeals dismissed this action because it concluded that, on the facts alleged in Burt's complaint, Judge Dodge had power to issue the warrant. We agree with that conclusion and affirm.

A court may dismiss a complaint for failure to state a claim only if it appears beyond doubt that relator can prove no set of facts entitling him to relief. For purposes of the motion to dismiss, all factual allegations in the complaint are deemed admitted, and all reasonable inferences are made in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756.

Even under that deliberately lenient standard, Burt's pleading fails to state a claim in prohibition. The complaint's allegations clearly show that Judge Dodge found Burt in contempt of court and issued the arrest warrant based on that finding. Burt argues principally that the warrant is invalid because it is based on an allegedly incorrect finding of *direct* contempt. Burt claims that, if he committed any contempt by appearing on television, it was indirect.[1]

We need not decide whether Burt's violation of the August 22 order was direct or indirect contempt, for common pleas courts may issue arrest warrants in either case. A common pleas court has both inherent and statutory power to punish contempts, *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870, syllabus, and we agree with the court of appeals that the power to issue arrest warrants in contempt cases is a "necessary corollary" of the contempt power. Moreover, R.C. 2705.03, which establishes

---

1. Direct contempt occurs "in the presence of or so near the court or judge as to obstruct the administration of justice." R.C. 2705.01. It may be punished summarily. *Id.; Codispoti v. Pennsylvania* (1974), 418 U.S. 506, 514, 94 S.Ct. 2687, 2692, 41 L.Ed.2d 912, 920; *State v. Kilbane* (1980), 61 Ohio St.2d 201, 204, 15 O.O.3d 221, 223, 400 N.E.2d 386, 389, fn. 4. Indirect contempt occurs outside the court's presence, *In re Gonzalez* (1990), 70 Ohio App.3d 752, 755, 591 N.E.2d 1371, 1373, and the alleged contemnor is entitled to a hearing before he may be convicted and punished, R.C. 2705.03.

procedures for imposing indirect contempt sanctions under R.C. 2705.02, specifically recognizes a court's power to "issu[e] process to bring the accused into court" in cases of indirect contempt.

Burt's other arguments are equally insubstantial. Burt argues that the common pleas court has no jurisdiction over his actions outside Ohio. (The interview apparently took place in California or Florida, although the complaint does not make this clear.) However, Burt is a litigant in the common pleas court.[2] Therefore, that court could issue orders preventing Burt from interfering with a fair adjudication of the case, and a violation of those orders would be contemptuous no matter where it was done.

Burt claims he cannot be extradited because he "is not charged with a crime." Obviously, " 'criminal contempt is a crime in every fundamental respect * * * .' " *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 252, 18 O.O.3d 446, 447, 416 N.E.2d 610, 612, quoting *Bloom v. Illinois* (1968), 391 U.S. 194, 201, 88 S.Ct. 1477, 1482, 20 L.Ed.2d 522, 528. In any case, whether Burt can be extradited is irrelevant to the judge's authority to issue an arrest warrant.

Burt contends that it is wasteful to launch a "nationwide manhunt" for an alleged contemnor. This argument attacks the wisdom of issuing the warrant, not the court's power to do so.

Burt claims that he was unaware of the August 22 order and that Judge Dodge assented to the interview. These claims go to whether Burt is *guilty* of contempt—an issue for the common pleas court in the first instance—not the court's power to have him arrested on the charge. The merits of the contempt finding are not before us. See *Bowling Green State Univ. v. Williamson* (1988), 39 Ohio St.3d 141, 142, 529 N.E.2d 1371, 1373.

The facts alleged in the complaint show that the common pleas court had power to issue the arrest warrant; therefore, Burt can prove no set of facts entitling him to relief, and the court of appeals correctly dismissed this action.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

2. The court of appeals inferred from the complaint that Burt entered an appearance in the Phillips case. Burt does not contest that conclusion here, nor does he argue that the common pleas court lacked subject-matter jurisdiction.