[Cite as *In re Contempt of Huth*, 2020-Ohio-3177.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE CONTEMPT OF     :
MICHELA HUTH

             :     No. 108501

[In the matter styled:     :
City of Parma v. Nikki J. Novak]

             :

[Appeal by Michela Huth]    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2020

---

Criminal Appeal from the Parma Municipal Court
Case No. 19MIS005

---

### *Appearances:*

Joseph I. Tripodi, *for appellant.*

Timothy G. Dobeck, City of Parma Director of Law, and
Michael P. Maloney, Assistant Director of Law, *for
appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Michela Huth appeals the decision of the Parma Municipal

Court that found her in direct contempt of court. Upon review, we affirm.

**Background**

{¶ 2}   On March 19, 2019, a pretrial was scheduled in a case pending before Judge Timothy P. Gilligan in the Parma Municipal Court.  Appellant, who had not filed a notice of appearance, appeared at the pretrial to represent the defendant.  She provided her name and Ohio bar number to the court.  When the judge inquired if appellant had done a pretrial with the prosecutor, appellant responded "No" and asked the court "that the case be dismissed based upon a jurat defection in the complaint which is a jurisdictional issue."  The judge informed appellant that if she wished to make a motion, that she "would need to file something as the attorney of record, and file a motion to dismiss."  Despite this instruction, appellant indicated that she could file a written motion but also wished to make an oral motion to dismiss.  The judge informed appellant that the court was not going to hear an oral motion, and indicated that "[t]here's going to be a pretrial first, that's what we do here."

{¶ 3}   As the judge continued to reiterate the court's procedure and instruct appellant that a pretrial was to occur with the prosecutor, appellant interjected that "this court doesn't have jurisdiction over my client because the complaint is defective[;] there should be no pretrial * * *.  The court has no jurisdiction according to the law."  The judge instructed appellant not to interrupt him or tell him how to run his courtroom, and again stated, "it's set for a pretrial today, if you would like to act courteous and professional and have a pretrial with the prosecutor, than [sic] do so."  Appellant rejected this procedure, stating "I do not Your Honor."  The judge

gave appellant another warning about interrupting him and informed appellant if she did so again the court would hold her in contempt. While the judge again was instructing appellant that "my rules are you will have a pretrial before anything happens," the judge took notice of appellant's "smug little look on your face." Appellant then stated, "I have no such smug look Your Honor." The judge proceeded to hold appellant in contempt.

{¶ 4} The judge commented upon appellant's behavior while at the court, and heard from the prosecutor. Appellant continued to indicate that she had nothing to say to the prosecutor, that she did not believe the court had jurisdiction over the case, that she did not believe there should be a pretrial, and that she was "not trying to be disrespectful." The judge noted that appellant had not filed an appearance, did not bring a business card, and had not filed any motion, and that "you just walk in here and take over the room."

{¶ 5} Appellant was taken into custody, and a contempt hearing was held later the same day. At the contempt hearing, appellant apologized for having interrupted the court. The judge indicated that along with interrupting the court, appellant did not file a notice of appearance and did not have any form of identification; she demanded a ruling without having filed a motion for the court to review and consider; she displayed a lack of courtesy to the court and refused to follow the court's procedure; and she acted unprofessionally toward others in the building. When appellant apologized for not understanding the court's procedure,

the judge reminded her that "[c]ourtesy and dignity and professionalism is in every court you ever walk into."

**{¶ 6}** On March 20, 2019, the trial court issued a judgment entry finding appellant in direct contempt of court in violation of R.C. 2705.01. In its decision, the trial court noted that appellant appeared at court without having filed a notice of appearance or any other filings on behalf of the defendant in the matter and that she had no business card identifying herself as an attorney. The court stated that appellant "immediately became argumentative and disruptive" and that she "continued being disruptive and interrupting the court" despite being cautioned by the court. The court further indicated that appellant "refused to participate in a pretrial as required by this court, and continued in failing to follow any form of professional protocol, she demanded this court dismiss the underlying criminal matter." The court's finding of direct contempt resulted from appellant's "continual interruptions and interference with the orderly administration of justice." The trial court imposed a $250 fine.

**{¶ 7}** Appellant timely appealed the trial court's decision.

**Law and Analysis**

**{¶ 8}** Appellant raises two assignments of error for our review. She claims that the trial court abused its discretion in finding appellant in direct contempt in violation of R.C. 2705.01 because she contends (1) the finding of direct contempt was "based upon alleged conduct which was not within the trial court's personal

knowledge" and (2) "the record does not demonstrate beyond a reasonable doubt that the conduct alleged posed an open threat to the orderly procedure of the court."

{¶ 9} Under her first assignment of error, appellant argues that the trial court judge lacked personal knowledge of some of the alleged conduct, which involved interactions with the court bailiff and the prosecutor outside the presence of the judge. She claims that this conduct would involve indirect contempt, which requires due process protections that were not afforded to appellant.

{¶ 10} The record reflects that appellant was found in direct contempt of court. The Supreme Court of Ohio has set forth the distinction between direct contempt and indirect contempt as follows:

> Direct contempt occurs "in the presence of or so near the court or judge as to obstruct the administration of justice." R.C. 2705.01. It may be punished summarily. *Id.*; *Codispoti v. Pennsylvania* (1974), 418 U.S. 506, 514, 94 S.Ct. 2687, 2692, 41 L.Ed.2d 912, 920; *State v. Kilbane* (1980), 61 Ohio St.2d 201, 204, 15 O.O.3d 221, 223, 400 N.E.2d 386, 389, fn. 4. Indirect contempt occurs outside the court's presence, *In re Gonzalez* (1990), 70 Ohio App.3d 752, 755, 591 N.E.2d 1371, 1373, and the alleged contemnor is entitled to a hearing before he may be convicted and punished, R.C. 2705.03.

*Burt v. Dodge*, 65 Ohio St.3d 34, 35, 599 N.E.2d 693 (1992), fn. 1.

{¶ 11} Moreover, "[i]n order to constitute direct contempt, an act need not be in the immediate presence of the court, if it tends to obstruct justice or interfere with the actions of the court in the courtroom itself." *State ex rel. Seventh Urban, Inc. v. McFaul*, 5 Ohio St.3d 120, 122-123, 449 N.E.2d 445 (1983), citing *In re Estate of Wright*, 165 Ohio St. 15, 26, 133 N.E.2d 350 (1956). Thus, direct contempt can involve conduct occurring in the actual presence of the judge or in the constructive

presence of the court. *McFaul* at 122-123 (finding conduct that threatened the orderly procedure of the court that occurred in the presence of the court reporters and bailiff before the judges entered the courtroom constituted a direct contempt in the constructive presence of the court); *see also State v. T.F.*, 9th Dist. Lorain No. 17CA011175, 2019-Ohio-1039, ¶ 12. Regardless of the classification of the contempt, where a judge has no personal knowledge of the alleged act of contempt and must rely on information provided by court personnel to establish contempt, "'the procedure outlined in R.C. 2705.03, requiring a written charge, an adversary hearing upon the issues, and an opportunity for the accused to be represented by counsel, should be strictly adhered to.'" *In re Chambers*, 1st Dist. Hamilton Nos. C-180333 and C-180334, 2019-Ohio-3596, ¶ 32, citing *McFaul* at 122; *see also T.F.* at ¶ 15 ("Where direct criminal contempt occurs not in the actual presence of the trial court judge but only in the constructive presence of the court, the alleged contemnor must be afforded due process * * *.")

{¶ 12} Here, the trial court commented upon appellant's disrespect for the court, the assistant prosecutor, and the bailiff while appearing at the courthouse on the underlying matter. The court explained that this behavior along with her failure to present any form of professional identification led to the court's concern over whether appellant was actually an attorney. Notwithstanding these other interactions, the transcript reflects that the finding of direct contempt resulted from appellant's conduct that occurred in the actual presence of the judge.

{¶ 13} The trial court indicated in its decision that when appellant appeared before the judge she "immediately became argumentative and disruptive" and that despite being cautioned, she continued being disruptive and interrupting the court, she refused to participate in a pretrial as required by the court, she failed to follow any form of professional protocol, and she demanded that the court dismiss the underlying matter. The transcript reflects that the trial court judge warned appellant about interrupting him and informed her that if she did so again the court would hold her in contempt. The trial court's finding of direct contempt was premised "[u]pon the contemnor['s] continual interruptions and interference with the orderly administration of justice."

{¶ 14} We find no abuse of discretion in the trial court's classification of the contempt as direct contempt. Our review reflects that the conduct that led to the finding of contempt occurred in the actual presence of the judge and interfered with the orderly procedure of the court. Therefore, appellant could be summarily punished pursuant to R.C. 2705.01 and the trial court was not required to follow the procedure outlined in R.C. 2705.03. Appellant's first assignment of error is overruled.

{¶ 15} Under her second assignment of error, appellant claims that her conduct did not warrant a finding of direct contempt. She asserts that she was not interrupting the judge, and that at the point she was held in contempt she was responding to the judge's comment about the "smug little look on your face." She

also claims that even if her conduct was improper, it did not impose an immediate threat to the administration of justice.

{¶ 16} A determination of direct contempt is a matter within the sound discretion of the trial judge. *Cleveland v. Heben*, 74 Ohio App.3d 568, 573, 599 N.E.2d 766 (8th Dist.1991); *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} The record reflects that although the matter was set for a pretrial, appellant appeared and demanded that the case be dismissed without having filed any notice of appearance or motion to dismiss with the court. We recognize that appellant was seeking to present a jurisdictional challenge to the court in the underlying matter and believed that a pretrial was unnecessary. However, despite being informed that the court would not consider an oral motion to dismiss, instructed that she would need to have a pretrial with the prosecutor, and warned regarding her behavior, appellant continued to disregard the court's procedure and to challenge the authority of the court. Appellant's conduct was disruptive of the proceedings and could be punished summarily. Upon our review, we find the trial court acted within its discretion in finding appellant's conduct constituted an interference with the orderly administration of justice and in holding appellant in direct contempt of court.

{¶ 18} Appellant's second assignment of error is overruled.

**{¶ 19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J., and
LARRY A. JONES, SR., J., CONCUR