[Cite as *In re Contempt of Bensing*, 2023-Ohio-1050.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE CONTEMPT OF RUSSELL S.     :
BENSING

     :

[Appeal by Attorney Russell S. Bensing          No. 112041
in the matter styled: State of Ohio v.     :
Sierra Wiley]

     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** March 30, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668006-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kristen L. Sobieski, Assistant Prosecuting
Attorney, *for appellee*.

Russell S. Bensing, pro se.

SEAN C. GALLAGHER, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Russell S. Bensing, the attorney for the defendant in the underlying criminal action, appeals the decision of the trial court finding him in contempt. Upon review, we reverse the trial court's decision.

## I.    Procedural and Factual Background

{¶ 2}    The record reflects that when the trial court scheduled the underlying criminal action for trial on October 11, 2022, at 9:00 a.m., it was aware that Bensing had an oral argument scheduled in the court of appeals the same date at 10:00 a.m. To allow for this, the trial court intended to permit Bensing to "go across the street" to the court of appeals while the jury was being called up.[1]

{¶ 3}    On the morning of October 11, 2022, the trial court was expecting to see all parties at 9:00 a.m., to discuss the status of the case and to address a pending motion for continuance, which was filed by counsel for the codefendant, and other issues.  However, Bensing had discovered that the oral argument scheduled in the court of appeals was being conducted via Zoom,[2] which would necessitate time for him to walk back to his office from the trial court.  Faced with this predicament, at 9:06 a.m., Bensing left a message for the trial court's bailiff to notify the court that he would be waiting in his office, that he could be reached by phone, and that he would prefer to appear in the trial court after the oral argument.  The trial court was not aware of the message because, as the trial court stated, "[W]e're in the court working * * * and we expected you to be here at 9:00."

{¶ 4}    At 9:10 a.m., that morning, the trial court judge was on the bench, the assistant prosecutor was present, the defendant was ready to come into the

---

[1] Bensing represents that when he originally advised the trial court of the oral argument in the court of appeals, he believed it was to be in person.

[2] Apparently, this was an oversight on the part of Bensing.

courtroom, the codefendant and counsel for the codefendant were appearing via video,[3] and the trial court was looking for Bensing, who was not present. Bensing received a call from the trial court's bailiff at approximately 9:51 a.m., which was followed with an email invite to appear via Zoom in the trial court.[4] Bensing reminded the bailiff that he had an oral argument in the court of appeals at 10:00 a.m., and indicated that he would only be able to appear for a few minutes.

{¶ 5} Shortly before 10:00 a.m., Bensing appeared on the Zoom before the trial court. He promptly informed the trial court that he had to leave because he had an oral argument before the court of appeals, which "takes precedence over the trial court." The judge stated that they "waited for [Bensing] for 45 minutes," and the judge began to address the pending motion for continuance. However, Bensing indicated "with all due respect" that he had to leave. A short exchange then occurred in which the judge stated Bensing would be held in contempt and would not be permitted to leave, but Bensing stated that he had to leave and did not intend to be disrespectful. Although he somewhat dismissively departed the trial court proceeding, according to Bensing, the court of appeals was on the line with his secretary asking where he was at that moment.

---

[3] Consistent therewith, a copy of the Zoom invite that was sent to Bensing reflects that counsel for the codefendant in the matter accepted an invitation to the Zoom meeting at 8:42 a.m.

[4] It appears that Bensing was under the impression that the trial court judge was not ready to hear the matter until he received the Zoom invite.

**{¶ 6}** The trial court set the matter for a show-cause hearing on October 13, 2022. At the show-cause hearing, the trial court judge discussed what had occurred and why it perceived Bensing's conduct as completely unacceptable. Bensing explained that he had left a message for the trial court's bailiff and waited in his office for a return call, that he reiterated he had to appear on a Zoom oral argument with the court of appeals at 10:00 a.m., and that he did not intend to be argumentative. Although the trial court was given the impression that Bensing had alluded the court of appeals was more important, Bensing explained that he merely had stated the court of appeals takes precedence, which is pursuant to a local appellate rule. Bensing stated to the trial court that he never intended to be disrespectful. Rather, he simply was informing the trial court why he had to leave and pointing out that he was required to appear before the court of appeals.

**{¶ 7}** The trial court judge expressed that Bensing had unilaterally attempted to change the schedule of the trial court by leaving a message and that if he could not have been physically present at 9:00 a.m., then the court could have given him the Zoom link beforehand. The trial court judge understandably was displeased with how Bensing "handled the matter" before the trial court that day. Ultimately the trial court stated that it was holding Bensing in contempt because (1) he was not present at 9:00 a.m., and (2) he clicked off in the middle of a hearing, and basically told the trial court what he needed to do.

**{¶ 8}** The trial court made a finding of direct contempt and imposed a fine of $250. Bensing requested a stay that was granted by the trial court. Bensing has timely appealed to this court.

## II. Law and Analysis

**{¶ 9}** Under his sole assignment of error, Bensing claims the trial court erred in holding him in direct contempt of court. Direct contempt involves misbehavior that occurs "'in the presence of or so near the court or judge as to obstruct the administration of justice'" and may be punished summarily. *State v. Kilbane*, 61 Ohio St.2d 201, 204, 400 N.E.2d 386 (1980), quoting R.C. 2705.01; *accord Burt v. Dodge*, 65 Ohio St.3d 34, 35, 599 N.E.2d 693 (1992), fn. 1.[5]

**{¶ 10}** The determination of contempt is reviewed for an abuse of discretion. *N. Royalton v. Awadallah (In re Leary)*, 8th Dist. Cuyahoga No. 96424, 2011-Ohio-6626, ¶ 18; *see also Kilbane* at syllabus. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 11}** In this matter, Bensing presented extenuating circumstances to demonstrate that he did not simply disregard the trial court proceeding or intend to obstruct the administration of justice. The record reflects that Bensing made an

---

[5] We note that part of an attorney's conduct in arriving late to a court proceeding may be in the nature of an indirect contempt, which would entitle the contemnor to a hearing to offer evidence on his extenuating or exculpatory circumstances. *See Weiland v. Indus. Comm. of Ohio*, 166 Ohio St. 62, 66, 139 N.E.2d 36 (1956). Nevertheless, Bensing was afforded a hearing in this matter, and the finding of direct contempt pertained to conduct that occurred before the court.

effort to accommodate the competing demands of the trial court and the court of appeals. After discovering the appellate oral argument was being conducted by Zoom, he left a message to notify the trial court of his intentions to remain at his office and he let the trial court know he could be reached by phone and could appear afterwards. Upon appearing on the trial court's Zoom, he promptly informed the trial court that he had to leave for the oral argument, which was about to begin. Pursuant to Loc.App.R. 21(F), the oral argument scheduled before the Eighth District Court of Appeals took precedence over the trial court proceedings.

{¶ 12} We recognize that Bensing was solely responsible for the events and inconvenience that played out that morning. Rather than going to the trial court and appearing in person at 9:00 a.m., as expected, he chose to remain in his office and to leave a voicemail for the bailiff at 9:06 a.m. Bensing did not receive a return call until 9:51 a.m., because the trial court judge and bailiff were in the courtroom and would not have received Bensing's message at the time it was left. Bensing, an experienced litigator, knows better. He should not have created a situation where the trial court judge's hearing schedule was needlessly disrupted. Nor should he have inconvenienced the other parties who were present and ready to proceed with addressing a pending motion for continuance.[6] Bensing acknowledges that he may have exercised poor judgment in not appearing before the trial court at 9:00 a.m.

---

[6] Ultimately, the criminal case was continued for trial to a later date.

{¶ 13} However, as the Supreme Court of Ohio has cautioned, "'[t]rial courts * * * must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice.'" *Disciplinary Counsel v. Bachman*, 163 Ohio St.3d 195, 2020-Ohio-6732, 168 N.E.3d 1178, ¶ 24, quoting *Brown v. United States*, 356 U.S. 148, 153, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). While Bensing certainly could have handled the matter better, the record reflects that Bensing was not reckless or indifferent to the trial court's authority, he did not intend to disrespect the trial court, and his conduct did not pose any imminent threat to the administration of justice. *See In re Leary*, 8th Dist. Cuyahoga No. 96424, 2011-Ohio-6626, at ¶ 23-26 (finding trial court abused its discretion in finding attorney in contempt for appearing late when the attorney left a message for the bailiff indicating he was scheduled for another trial); *In re Gonzalez*, 8th Dist. Cuyahoga No. 81831, 2003-Ohio-1960, ¶ 52 (although attorney's conduct was improper, it did not warrant a finding of contempt when it did not pose an imminent threat to the administration of justice). Although Bensing's conduct was contemptuous to the trial court's sensibilities, it did not constitute punishable, criminal contempt. *See In re LoDico,* 5th Dist. Stark No. 2003-CA-00446, 2005-Ohio-172, ¶ 101-102 (finding attorney's conduct, though unwise and insulting to the judge, did not warrant a finding of direct, criminal contempt).

{¶ 14} We are cognizant that being a sole practitioner is at times difficult, but situational awareness about the nature of the appellate oral argument in advance of the trial court proceeding would have avoided this incident. Even though the

conduct does not rise to the level of direct contempt, a trial court judge deserves better. Although the trial court's reprimand was warranted, under the circumstances presented, we are compelled to find an abuse of discretion occurred in finding Bensing in direct contempt of court. The sole assignment of error is sustained.

{¶ 15} Judgment of contempt reversed.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR