IN RE DISQUALIFICATION OF RUEHLMAN.

WARD *v.* ROSS ET AL.

AND

THE CITY OF JACKSON ET AL. *v.* WARD.

[Cite as *In re Disqualification of Ruehlman*, __ Ohio St.3d __,

2024-Ohio-1306.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affidavit dismissed as to*
Ward v. Ross—*Affidavit granted as to* Jackson v. Ward *to avoid appearance
of impropriety.*

(No. 23-AP-191—Decided March 5, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Jackson County Court of Common Pleas,

General and Domestic Relations Division,

Case Nos. 23-CIV-0009 and 23-CIV-0088.

_____

KENNEDY, C.J.

{¶ 1} Roger Dean Ward has filed an affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Robert P. Ruehlman, a retired judge sitting by assignment on the Jackson County Court of Common Pleas, General and Domestic Relations Division, from presiding over two cases: *Ward v. Ross*, Jackson C.P. No. 23-CIV-0009, and *Jackson v. Ward*, Jackson C.P. No. 23-CIV-0088. Judge Ruehlman filed a response to the affidavit of disqualification.

{¶ 2} As explained below, Ward's affidavit to disqualify Judge Ruehlman from *Ward v. Ross* is dismissed because nothing is pending in that case.

{¶ 3} Ward's affidavit to disqualify Judge Ruehlman from *Jackson v. Ward* is granted to avoid an appearance of impropriety. The appointment of a new

assigned judge to preside over *Jackson v. Ward* will be addressed in a separate entry.

**Trial-Court Proceedings**

{¶ 4} As stated above, Ward seeks to disqualify Judge Ruehlman from two cases: (1) *Ward v. Ross*, a civil case filed by Ward, and (2) *Jackson v. Ward*, a case in which the plaintiffs sought to have Ward declared to be a vexatious litigator.

Ward v. Ross, *Jackson C.P. No. 23-CIV-0009*

{¶ 5} On January 2, 2023, Ward was stopped by a Jackson police officer and issued various traffic citations. Ward later filed a civil lawsuit, *Ward v. Ross*, against the city of Jackson ("the city"), the state of Ohio, the police officer who stopped him, and various other city and county officials. Judge Ruehlman was assigned to the case, effective June 29.

{¶ 6} On August 15, the judge dismissed Ward's complaint for failure to state a claim upon which relief can be granted.

{¶ 7} On October 24, the judge presided over a sanctions hearing.

{¶ 8} On November 22, the judge issued an entry ordering Ward to pay attorney fees. The entry indicated that it was a "Final Appealable Judgment."

Jackson v. Ward, *Jackson C.P. No. 23-CIV-0088*

{¶ 9} On October 24, the city and other plaintiffs filed *Jackson v. Ward*, seeking to have Ward declared to be a vexatious litigator. The plaintiffs also sought a temporary restraining order and a preliminary injunction pending resolution of their vexatious-litigator claim. Ward filed a counterclaim against the plaintiffs. Judge Ruehlman was assigned to the case, effective November 3.

{¶ 10} On November 16, Judge Ruehlman granted the request for a temporary restraining order and scheduled a preliminary-injunction hearing for November 22.

{¶ 11} During the November 22 hearing, the plaintiffs presented testimony from the city's attorney about Ward's conduct in legal actions involving the city.

Judge Ruehlman limited Ward's cross-examination of the city's attorney, finding that many of Ward's questions were irrelevant to the issue before the court.

**{¶ 12}** After the witness stepped down, the judge stated that he had heard enough evidence to declare Ward a vexatious litigator. The following exchange occurred:

> Judge [Ruehlman]: * * * I'm going to declare—um—you Mr. Ward to be a vexatious litigator. * * * So, what that means then, sir, is this—um—you cannot file anything unless I give you permission to file it. Now, if you're injured, you know, in a car accident or something like that—um—sure you can file it. If you get injured by a doctor, you want to file a medical malpractice claim, I'll review it and I'll decide whether you can file it. You can file it. So, it's not going to prevent you from filing suits that are legitimate but you can't file anything unless I give you permission. If you file anything, you'll be in direct contempt of this court and I will put you in jail. I'll find you in contempt and put you in jail. Now, listen to me, because I'm the guy you don't want to play with. I don't play well. I was the guy on the playground that nobody screwed with. My dad was a boxer. I was a boxer. I got five surgeries, plastic surgeries to prove that I was the guy nobody wanted to fool with and you don't want to fool with—I have a reputation in my county, you don't fool with Judge Ruehlman. You just don't fool with me. I don't play well. If you fool with me and file a complaint, any kind of complaint without permission, you're going to jail. I'll find you. I'll come over here—I'll drive over here and we will find you and track you down. You will be locked up. Now, I deal with sovereign

citizens all the time. I know you don't have a driver's license. Right, you don't drive with a driver's license do you?

[Ward]: Uh—

Judge [Ruehlman]: —and you don't have a license plate, do ya?

[Ward]: Yeah—uh—

Judge [Ruehlman]: —well, and I know because of all these lawsuits they've filed. They've kind of laid off on ya but I want—

[Ward]: —that's not true—

Judge [Ruehlman]: —I recommend they shouldn't lay off on ya anymore.

[Ward]: But that's not true.

Judge [Ruehlman]: Maybe if they—if they pull you over and charge you—uh—which they should because you should follow the—you got to learn to follow the law. You live in our—our country—if you don't like our country leave. If you're not going to follow the law and behave yourself and file these ridiculous lawsuits —um—you're going to come in front of me and I will file—I will— I will swiftly put you in jail. You file anything without permission, you're going to jail. Now, this is any place. You can't file any place. * * *

* * *

[Ward]: In this county?

Judge [Ruehlman]: You—in any county. You file any place, you go to Pike County, Vinton County, where you're from or this county, you file anything—anything, federal court, anything, you're going to come in front of me. And you will be—because you have to ask permission before you file anything, you got to ask permission

4

of the court as to whether you can file it and I have to give you permission to file it. If I decide you can't file it, you can't file it. Um—if you file anything and play around with this ruling, you're going to go to jail. I'll find you and track [you] down and put you in jail. I won't—I won't—I won't play around. I don't play well. I don't play well with people that don't follow the law. You get yourself a driver's license and get yourself a license plate because—um—I got a feeling I'm not going to mess with you anymore because I've given them permission they can—they can—they can enforce the law. They are really—they—they—they haven't been writing you tickets I guess because they're afraid you're going to file all these complaints and they're tired of it. So, now I'm putting a stop to it. There's no more—there's no more filing of these silly, silly things that you've been filing. It's not going to happen. I'm not going to mess with you and I'm a guy you don't want to fool with. Understand me?

[Ward]: Yeah, Your Honor, for the record I'm not a sovereign citizen. I just want to put that clear, I'm not.

Judge [Ruehlman]: Well, from what you've—what I'm reading here it's clear that you—you fancy yourself as such or you're similar to a sovereign citizen because I've read your stuff and it doesn't make any sense. It's silly stuff. You're just messing around with people and you're wasting our time and I'm tired—I don't like that. And—uh—we don't—the court system, we have enough to deal with—enough serious stuff to deal with without dealing with silly stuff like this that you've been filing. It's just silly stuff. It's—it's just stupid and silly and I'm tired of it and this county is tired of it and I think everybody is tired of you filing stuff.

You file it without permission. You go to jail. Okay? That's all. Court's adjourned.

**{¶ 13}** On November 30, Judge Ruehlman issued a judgment entry declaring Ward to be a vexatious litigator and prohibiting him from instituting or continuing legal proceedings in the court of claims, any municipal or county court, or in any court of common pleas without first obtaining leave to proceed. In the entry, the judge noted that pursuant to Civ.R. 65(B)(2), he had consolidated the November 22 preliminary-injunction hearing with a trial on the merits and that Ward's counterclaim remained pending.

**{¶ 14}** On December 22, Ward filed this affidavit of disqualification.

**{¶ 15}** Because Ward has failed to establish that anything is pending in *Ward v. Ross*, the threshold issue is whether the judge may be disqualified from that case.

### No Evidence That a Proceeding Is Pending in *Ward v. Ross*

**{¶ 16}** R.C. 2701.03 provides that "[i]f a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a *proceeding pending before the court*," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court. (Emphasis added).

**{¶ 17}** Under the plain and unambiguous language of the statute, the chief justice's authority to order the disqualification of judges extends only to those matters in which a proceeding is pending before the court. *See* R.C. 2701.03(A). It is well settled that this language "limits the authority of the [c]hief [j]ustice in determining the existence of interest, bias, prejudice, or disqualification to matters pending before the court of common pleas." *In re Disqualification of Grossmann*,

74 Ohio St.3d 1254, 1255, 657 N.E.2d 1356 (1994). "[T]he chief justice cannot rule on an affidavit of disqualification when * * * nothing is pending before the trial court." *In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. Therefore, the chief justice has dismissed affidavits of disqualification when the underlying case is closed or inactive. *See, e.g.*, *In re Disqualification of Kubilus*, 155 Ohio St.3d 1210, 2018-Ohio-5412, 120 N.E.3d 5, ¶ 3, 5.

{¶ 18} Ward has not presented evidence that shows that anything in *Ward v. Ross* is pending before Judge Ruehlman. The record shows that Judge Ruehlman dismissed Ward's complaint in that case on August 15 and issued a final, appealable judgment on November 22. Therefore, the chief justice has no authority to rule on this portion of the affidavit of disqualification, and it is dismissed.

{¶ 19} This decision turns now to the allegations Ward has made against Judge Ruehlman's continuing to preside over *Jackson v. Ward*.

**Affidavit-of-Disqualification Proceedings**

{¶ 20} R.C. 2701.03(A) provides that if a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 21} Ward alleges that Judge Ruehlman has a conflict of interest, that the judge is biased against him, and that the judge is disqualified for other reasons. The judge denies having a conflict of interest, denies having any bias against Ward, and denies that there are any other grounds for his disqualification.

*Conflict of Interest*

**{¶ 22}** In support of the allegation that the judge has a conflict of interest, Ward points to a pleading that he filed in federal court attempting to add Judge Ruehlman as a defendant in Ward's federal case against the city's officials.

**{¶ 23}** In response, the judge states that according to his attorney, the federal court has not yet added him as a named defendant in Ward's federal case.

*Bias*

**{¶ 24}** In support of the allegation that Judge Ruehlman is biased against him, Ward points to the judge's comments during the November 22 hearing. Specifically, Ward asserts that the judge (1) labeled him a sovereign citizen, (2) suggested a "***readiness for physical confrontation and violence***" by alluding to the judge's past as a boxer and his reputation as someone not to be messed with, and (3) threatened Ward with incarceration if he filed a legal action in any jurisdiction without first obtaining permission to proceed. (Boldface and emphasis sic.) Ward further asserts that in every hearing before the judge, Ward was "humiliated, talked down to, threatened, [and] intimidated and [that his] rights [we]re trampled on."

**{¶ 25}** Judge Ruehlman denies having any bias against Ward. The judge acknowledges that he told Ward that he could not file any civil lawsuits without prior court approval and that if Ward ignored the court's order he would be found in contempt of court. But the judge notes that he also advised Ward that if Ward had a legitimate complaint, the judge would allow it to be filed. The judge's reference to plastic surgery on his nose from fights, he states, "was to send [Ward] a stern message, that [he is] not a pushover who is going to let [Ward] get away with violating [his] orders."

*Otherwise Disqualified under R.C. 2701.03(A)*

**{¶ 26}** In support of the allegation that the judge should be otherwise disqualified, Ward asserts that the judge's November 22 comments also support disqualifying the judge to avoid an appearance of impropriety.

8

{¶ 27} Additionally, Ward avers that the judge violated his due-process and other rights during the November 22 hearing by, among other things, consolidating the November 22 preliminary-injunction hearing with a trial on the merits and impeding Ward's ability to cross-examine the witness during the hearing.

{¶ 28} The judge's response to this allegation is the same as his response to the allegation of bias.

### Disqualification of a Common-Pleas-Court Judge

{¶ 29} As set forth above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of the court of common pleas. Granting or denying the affidavit of disqualification turns on whether the chief justice determines that the allegations of interest, bias, prejudice, or disqualification set forth in the affidavit exist. R.C. 2701.03(E).

{¶ 30} The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations," R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4.

{¶ 31} Ward alleges three bases for the disqualification of Judge Ruehlman: (1) the judge has a conflict of interest, (2) the judge is biased against Ward, and (3) the judge is disqualified for other reasons, including to avoid the appearance of impropriety and for violating Ward's constitutional rights. For the reasons explained below, because the judge's disqualification is necessary to avoid an appearance of impropriety, there is no need to address the other allegations. *See, e.g.*, *In re Disqualification of Kuhn*, __ Ohio St.3d __, 2023-Ohio-4882, __ N.E.3d __, ¶ 14; *In re Disqualification of Celebrezze*, __ Ohio St.3d __, 2023-Ohio-4383, __ N.E.3d __, ¶ 107.

**{¶ 32}** An appearance of impropriety is not among the grounds for disqualification specified in R.C. 2701.03(A). However, a judge "otherwise is disqualified" under R.C. 2701.03(A) when one of the express bases for disqualification—interest, relation to a party, bias, or prejudice—does not apply but other grounds for disqualification exist. *See In re Disqualification of Schooley*, 173 Ohio St.3d 1241, 2023-Ohio-4332, __ N.E.3d __, ¶ 19 (citing examples of when a judge is otherwise disqualified). Although R.C. 2701.03 speaks in terms of *actual* bias and prejudice, it has long been recognized that "even in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety." *In re Disqualification of Crawford*, 152 Ohio St.3d 1256, 2017-Ohio-9428, 98 N.E.3d 277, ¶ 6.

**{¶ 33}** "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. "The reasonable observer is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context." *In re Disqualification of Gall*, 135 Ohio St.3d 1283, 2013-Ohio-1319, 986 N.E.2d 1005, ¶ 6.

### Analysis

**{¶ 34}** Because the judge's repeated comments relating to "find[ing]" Ward and jailing him for "direct contempt" would cause an objective observer to question the judge's impartiality, the affidavit of disqualification is granted as to *Jackson v. Ward*.

**{¶ 35}** " 'If a valid restrictive order has been issued, a court has the statutory and inherent power to entertain contempt proceedings and punish disobedience of that order.' " *Toledo v. State*, 154 Ohio St.3d 41, 2018-Ohio-2358, 110 N.E.3d

1257, ¶ 23, quoting *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 61, 556 N.E.2d 157 (1990). Contempt may be classified as either direct or indirect. *See Burt v. Dodge*, 65 Ohio St.3d 34, 35-36, 599 N.E.2d 693 (1992). "Direct contempt occurs 'in the presence of or so near the court or judge as to obstruct the administration of justice.' " *Id.* at 35, fn. 1, quoting R.C. 2705.01, and is "generally dealt with summarily," *Cincinnati v. Cincinnati Dist. Council 51, Am. Fedn. of State, Cty. and Mun. Emps.*, 35 Ohio St.2d 197, 202, 299 N.E.2d 686 (1973). "Indirect contempt occurs outside the court's presence, and the alleged contemnor is entitled to a hearing before he may be convicted and punished." *Burt* at 35, fn. 1, citing *In re Gonzalez*, 70 Ohio App.3d 752, 755, 591 N.E.2d 1371 (8th Dist.1990), and R.C. 2705.03.

{¶ 36} Contempt proceedings are also classified as either civil or criminal. *See State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554-555, 740 N.E.2d 265 (2001). "The distinction is usually based on the purpose to be served by the sanction." *Id.* at 554. "Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order." *Id.* at 555. Criminal contempt sanctions "are punitive in nature and are designed to vindicate the authority of the court." *Id.* "A party subject to criminal contempt is afforded many of the same constitutional safeguards that a defendant in a criminal trial enjoys." *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 11.

{¶ 37} Regardless of the classification, "[w]here judges have no personal knowledge of the alleged act of contempt because of its commission beyond the court's actual physical presence," the alleged contemnor is entitled to a hearing and an opportunity to answer the charge and present evidence. *State ex rel. Seventh Urban, Inc. v. McFaul*, 5 Ohio St.3d 120, 122, 449 N.E.2d 445 (1983); *see also In re Chambers*, 1st Dist. Hamilton Nos. C-180333 and C-180334, 2019-Ohio-3596; *In re Contempt of Huth*, 8th Dist. Cuyahoga No. 108501, 2020-Ohio-3177; *State v.*

*T.F.*, 9th Dist. Lorain No. 17CA011175, 2019-Ohio-1039. "A finding of fact must be based on evidence," and "to find that contemptuous conduct has occurred outside the presence of the court, the court must hold a hearing and analyze record evidence." *Disciplinary Counsel v. Gaul*, 127 Ohio St.3d 16, 2010-Ohio-4831, 936 N.E.2d 28, ¶ 55.

{¶ 38} Trial judges sometimes use strong or stern language to impress on litigants the importance of following court orders and the possible sanctions for violating court orders. *See* Flamm, *Judicial Disqualification*, Section 16.4, at 461 (2d Ed.2007) (a judge's use of colorful language to warn litigants or to drive home a point ordinarily does not require disqualification); *see also In re Disqualification of Forchione*, 134 Ohio St.3d 1235, 2012-Ohio-6303, 983 N.E.2d 356, ¶ 31 (a judge's use of "strong words" when warning counsel of sanctions did not require disqualification). And while judges should explain the possible consequence for violating court orders, Judge Ruehlman's "stern message" here about finding Ward and locking him up crossed a line that would cause an objective observer to question the judge's impartiality.

{¶ 39} During the November 22 hearing, Judge Ruehlman said: "If you file anything, you'll be in *direct contempt* of this court and I will put you in jail. I'll find you in contempt and put you in jail." (Emphasis added.) The judge repeated that sentiment four more times during the hearing, stating:

> If you fool with me and file a complaint, any kind of complaint without permission, you're going to jail. I'll find you. I'll come over here—I'll drive over here and we will find you and track you down. You will be locked up.
>
>    * * *
>
> If you're not going to follow the law and behave yourself and file these ridiculous lawsuits—um—you're going to come in front of me

and I will file—I will—I will swiftly put you in jail.  You file anything without permission, you're going to jail.

> \* \* \*

[I]f you file anything and play around with this ruling, you're going to go to jail.  I'll find you and track [you] down and put you in jail.  I won't—I won't—I won't play around.  I don't play well.

> \* \* \*

You file it without permission.  You go to jail.  Okay?  That's all.

**{¶ 40}** While Judge Ruehlman maintains that his words were meant to convey that he is "not a pushover" and that Ward would not get away with ignoring the court's orders, the question here is what an objective observer would believe. Because an objective observer would reasonably conclude that the judge has already determined that Ward would be guilty of direct contempt for which jail time is the appropriate punishment—regardless of the evidence adduced at a potential contempt hearing—Judge Ruehlman is disqualified from presiding over *Jackson v. Ward* to allay any concerns about the fairness and integrity of the proceedings and to assure the parties and the public of the unquestioned neutrality of the trial judge.

### Conclusion

**{¶ 41}** The affidavit of disqualification seeking to disqualify Judge Ruehlman from *Ward v. Ross*, Jackson C.P. No. 23-CIV-0009, is dismissed.  The affidavit of disqualification seeking to disqualify Judge Ruehlman from *Jackson v. Ward*, Jackson C.P. No. 23-CIV-0088, is granted.  The appointment of a new assigned judge to preside over *Jackson v. Ward* will be addressed in a separate entry.

_____