[Cite as *State v. Smiley*, 2022-Ohio-1242.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                       No. 110878

    v.                                      :

ARTHUR SMILEY,                          :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 14, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662868-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon Piteo, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Arthur Smiley ("Smiley") appeals his conviction and sentence. Smiley asks this court to reverse his conviction and vacate his

sentence. However, because we find that the trial court did not articulate findings of fact for the contempt conviction in its journal entry, we reverse and remand to the trial court to make the findings of fact.

{¶ 2} Smiley was convicted of contempt of court and sentenced to 30 days in jail after an interruption during his arraignment for Cuyahoga C.P. No. CR-21-662868-A. During arraignment, the following conversation occurred between Smiley, his trial counsel, and the trial court, as stated in the transcript:

Court:          I'm going to set a $25,000 surety bond.

Defendant:      Thank you.

Court:          Pardon me?

Prosecutor:     I think he said thank you.

Counsel:        I think he said thank you.

Court:          Yeah. I mean, and I'm looking at your record. You have — this is interesting.

Defendant:      Ain't nothing to look at, man. Just transferring — same judge, same lawyer so I can take care of my business, please and thank you.

Court:          Sixteen prior felony indictments in —

Defendant:      Don't matter. It don't matter, man. That's my personal business.

Court:          Let me explain something to you, friend. It matters to me. It matters to me, my brother.

Defendant:      Don't matter, man. Just give me my —

Counsel:        Mr. Smiley, just listen to the judge.

Defendant:      I can't get out.  I got a hold from the judge already.  Just give me the same judge, same lawyer, so I can move on with my day.

Court:          No.  No.  This isn't the drive-through window at Burger King, my friend.  You don't get it your way.

Defendant:      Yes, I do, because the way it goes —

Counsel:        Mr. Smiley, it's my recommendation that you do not argue with the judge at this time, that you just listen to what he says.  That's the way that we can move on.  If you want to move on, that's how we do it.

Defendant:      I don't want no lecture.  I'm 41, man.  Just do your job signing off on what I'm supposed to get.  I don't want no lecture.  I'm 41.  I know what the fuck I did, what I didn't do.  I don't want to talk about it.

Court:          Well, I want to talk about it.

Defendant:      You're trying to make a move —

Court:          I want to talk about it.

Defendant:      All right.  Don't ask me no questions.

Court:          I'm not going to ask you any questions.  I'm not going to ask you any questions.  I'll just make an observation.  You're sitting in the Cuyahoga County jail wearing orange.  So whatever you're doing —

Defendant:      I'm responsible for it.

Court:          — it doesn't seem to be working, unless you like being in jail.  Some guys like being in jail.

Defendant:      I get to see you.

Court: Yeah. Yawn a little bit louder, would you? One more time. Be a little more disrespectful. That makes a lot of — you know what? I hope you try your case, I hope you go in front of a jury, I hope you act as disrespectful as you acted today so that the judge gives you the maximum amount of time if you're convicted.

Defendant: I got my case beat, thank you very much.

Court: And that's why you're sitting in the county jail and you're going to be sitting, and instead of a $10,000 bond that the bond commissioner's requesting, because —

Defendant: I can't get out. I got a hold.

Court: I just want you to know that you're going to have $100,000 surety bond on top —

Defendant: It don't make a difference. I still got a hold, man.

Court: Good. Good. Good.

Defendant: You ain't hurt me. You just made yourself look stupid to how you are as a judge.

(Tr. 4-7.)

{¶ 3} The trial court found Smiley in contempt, stating:

Okay. I'm also — okay. So I'm also going to find this defendant at this time to be in contempt of this court and I am going to add an additional 30 days to his sentence and he — I'm placing a holder on him now. He will do an additional 30 days of whatever sentence he gets, wherever, whenever. He will not be released until he's returned to my courtroom and the holder is dealt with. If you say one more disrespectful thing to this Court, I will hold you in contempt over and over and over again and I'll give you as many 30-day sentences until as many years as you want. Now, we're not here to disrespect you, and you will not disrespect this court or the staff of this court. I appreciate your silence. I will see you somewhere down the road again,

Mr. Smiley, and I hope it's a much more pleasant exchange at that time. I want a holder on this guy from my room. He is not to be released until I see him again. Thank you.

(Tr. 8.)

{¶ 4} The trial court memorialized the conviction in the journal entry, stating, in part: "Defendant in contempt of court. Defendant to do additional 30 days at disposition. Hold placed. Defendant not to be released until he sees Judge Daniel Gaul." Journal entry No. 118786920 (Sept. 23, 2021).

{¶ 5} Smiley filed this timely appeal assigning five errors for our review:

I.      The trial court erred and violated Arthur Smiley's state and federal due process rights when it convicted him of a crime without legally sufficient evidence;

II.     Arthur Smiley was denied his due process right to a fair and impartial factfinder;

III.    The trial court erred in failing to articulate any findings of fact or factual basis for the contempt conviction;

IV.     The trial court erred in failing to afford Arthur Smiley an opportunity to allocute prior to imposing a sentence for contempt; and

V.      The trial court erred by imposing an illegal sentence.

{¶ 6} The state concedes the third assignment of error. Our decision on Smiley's third assignment of error is dispositive of this appeal, and his remaining assignments of error are rendered moot, pursuant to App.R. 12(A)(1)(c), because we cannot review the merits of Smiley's appeal.

**I.      Findings of Fact**

## A.    Standard of Review

{¶ 7}   We review a conviction for contempt for abuse of discretion.  *In re Summers*, 9th Dist. Summit No. 24981, 2010-Ohio-5993, ¶ 4.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## B.    Law and Analysis

{¶ 8}   In Smiley's third assignment of error, he argues that the trial court failed to articulate any findings of fact or factual basis for the contempt conviction. The state concedes error.  However, Smiley argues that his conviction should be vacated, and the state argues that the proper remedy is to remand to the trial court to include a factual basis in the journal entry for the contempt finding.

{¶ 9}   "Contempt of court is defined as the disregard for, or the disobedience of, an order of a court.  It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Summers* at ¶ 4, quoting *Furlong v. Davis*, 9th Dist. Summit No. 24703, 2009-Ohio-6431, ¶ 33.  "Such conduct, however, 'will only be considered direct contempt if it constitutes an imminent, not merely a likely, threat to the administration of justice.'" *Id.*

{¶ 10} The trial court, however, did not incorporate any findings of fact for the contempt conviction in its journal entry.  The journal entry merely reflected that

Smiley was in contempt of court. "Without such information, this Court is unable to determine the lawfulness of the trial court's order." *Id*. at ¶ 7.

> The general rule in cases of direct contempt is that the trial court's judgment or order of direct contempt must itself contain a complete and clear statement of the facts upon which the conviction is based, since the judgment or order ordinarily constitutes both the findings of fact and the judgment of the trial court. Thus, an appellate court, by merely inspecting the judgment or order, may readily determine whether contempt was in fact committed and whether the trial court had jurisdiction to punish it.

*State v. Butler*, 8th Dist. Cuyahoga No. 34574, 1976 Ohio App. LEXIS 7467 (Feb. 26, 1976).

{¶ 11} Because the journal entry is deficient in lacking any findings of fact, we cannot determine whether the trial court abused its discretion. *See also State v. Butler*, 8th Dist. Cuyahoga No. 36385, 1977 Ohio App. LEXIS 9322 (July 14, 1977) (the trial court's journal entry "was deficient in that it lacked a statement of findings of facts constituting contempt."); *State v. Treon*, 8th Dist. Cuyahoga No. 26159, 188 N.E.2d 308 (1963) ("trial court's judgment or order of direct contempt must itself contain a complete and clear statement of the facts upon which the conviction is based"); and, *Lelak v. Lelak*, 2d Dist. Montgomery No. 28243, 2019-Ohio-4807, ¶ 24 ("issues of contempt require findings of fact.").

{¶ 12} Because the trial court's judgment of contempt failed to contain a complete recitation of the facts upon which its finding of contempt is based, this court cannot reach the merits of Smiley's appeal. *Summer*, 9th Dist. Summit

No. 24981, 2010-Ohio-5993, at ¶ 7. The proper remedy is to reverse and remand to the trial court to make findings of fact in the journal entry so we can review whether or not the trial court abused its discretion. *Id.* "Accordingly, this matter is remanded to the trial court so that it may 'enter a written order, setting forth fully, clearly, and specifically the facts out of which the contempt arose.'" *Id.*, quoting *Butler*, 8th Dist. Cuyahoga No. 34574, 1976 Ohio App. LEXIS 7467, *6 (Feb. 26, 1976). *See, e.g., Parma v. Novak (In re Huth)*, 8th Dist. Cuyahoga No. 108501, 2020-Ohio-3177, ¶ 6 (trial court incorporated the findings the fact in the journal entry).

{¶ 13} Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
EILEEN A. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION

EILEEN A. GALLAGHER, J., DISSENTING:

{¶ 14} The ostensible basis for the contempt citation in this appeal is rooted in the arraignment proceedings which were conducted in the Cuyahoga County Court of Common Pleas. An arraignment in that court is usually a perfunctory proceeding where an initial plea is entered, bond is set and a trial judge is assigned for further proceedings. In a case where a defendant has cases pending before a particular tribunal, subsequent cases are assigned to that tribunal's docket.

{¶ 15} In this case, the arraignment room judge accepted a not guilty plea and set bond at $25,000 without incident. At that point, the appellant expressed his thanks to the judge and further stated "so I can take care of my business, please and thank you." That should have been the end of the proceedings. However, the judge began to goad the defendant and stated: "[l]et me explain something to you, friend. It matters to me. It matters to me, my brother."[1] The court's continued diatribe was unnecessary and unprovoked.

{¶ 16} While I acknowledge that appellant Smiley later did use foul language in the courtroom (i.e., "I know what the f*** I did, what I didn't do * * *."). That is not the time in the arraignment proceeding at which the court held him in contempt. It was after the appellant stated, "You ain't hurt me. You just made yourself look stupid to how you are as a judge" that the court responded "[o]kay. I'm also — okay.

---

[1] The defendant-appellant is African-American and the judge is Caucasian.

So I'm also going to find this defendant at this time to be in contempt of this court * * *."   Again, I acknowledge that appellant Smiley's comments were disrespectful but the arraignment judge engaged in an unnecessary discourse with the appellant, raised his bond to $100,000 in open court which was, however, ultimately set at $25,000 via journal entry and stated his hope that the trial judge impose "a maximum amount of time if you're convicted."

{¶ 17} The court which found appellant in contempt failed to indicate the reason for the finding of contempt and it is not the obligation of this court to determine the reasoning. I will accept that the obscenity uttered by the appellant was inappropriate but that should have been dealt with immediately. The last comment to the judge as to how the judge appeared was also inappropriate but part and parcel of the colloquy in which the court and the appellant were engaged.

{¶ 18} Direct contempt involves the misbehavior of an individual while in the actual or constructive presence of the court or an officer of the court.  Although the appellant's words were spoken in the courtroom, they were not contumacious. They were, generally, responsive to comments made, and questions posed, by the arraignment judge.

{¶ 19} I find that, in this case, the judge abused his discretion in that the court acted unreasonably and unconscionably. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 20} As it is unclear as to why, and for what, appellant was found to be in contempt of the court, I would vacate the finding of contempt and the subsequent orders appurtenant thereto.