[Cite as *In re Contempt of Wallace*, 2024-Ohio-966.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE CONTEMPT OF<br>CARILLIA WALLACE | : | |
| | : | No. 112836 |
| [Appeal by Carillia Wallace in the matter<br>styled: *State v. Ronnell Priah*] | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-667501-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Owen Knapp, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert B. McCaleb, Assistant Public Defender, *for
appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Carillia Wallace appeals the trial court's order finding her in contempt of court for disruption of proceedings and fining her $100. Because the trial court found Wallace in direct contempt for disrupting court proceedings,

affirmatively stated the reason it found Wallace in contempt in a journal entry, and imposed a reasonably commensurate punishment for the contempt, we affirm the judgment of the trial court.

RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 10, 2023, Carillia Wallace was present in the courtroom on the date trial was set in *State v. Priah*, Cuyahoga C.P. No. CR-22-667501. Before beginning trial, the assistant prosecuting attorney informed the trial court on the record that the victim had not appeared for trial and requested the trial be continued. The state confirmed that a subpoena had been served on the victim but the state was not seeking a warrant for the victim's arrest. The following then occurred:

| | |
|---|---|
| THE COURT: | Okay. It will be continued at the prosecutor's request. |
| A SPECTATOR: | Oh, my God. |
| THE DEPUTY: | You can step out. |
| THE COURT: | No. Bring her forward. Ma'am, for disrupting these proceedings, the Court finds you in contempt and you're ordered to pay $100 and costs. |
| THE WITNESS: | Okay. Is that it? |
| THE COURT: | You need to pay it before you leave. |
| THE WITNESS: | My purse is here. My purse is right there. |
| THE COURT: | You caused a scene in the courtroom, I'll find you in contempt again. It will be continued at the prosecutor's request. |

{¶ 3} The trial court then addressed counsel and set a date for a final pretrial.

{¶ 4} The trial court journalized the finding of contempt, stating:

Carillia Wallace is held in contempt of court for disruption of proceedings. Carillia Wallace is fined $100.00. Carillia Wallace is to pay fine before release. Carillia Wallace is remanded.[1]

## LAW AND ARGUMENT

### Wallace's Assignments of Error

{¶ 5} Wallace raises the following assignments of error in this appeal, which read:

ASSIGNMENT OF ERROR I
The trial court erred and violated Carillia Wallace's state and federal due process rights when it convicted her of a crime without legally sufficient evidence.

ASSIGNMENT OF ERROR II
The trial court erred in failing to articulate any findings of fact or factual basis for the contempt conviction.

ASSIGNMENT OF ERROR III
The trial court erred in failing to afford Ms. Wallace an opportunity to allocute prior to imposing a sentence for contempt

ASSIGNMENT OF ERROR IV
The trial court erred by imposing an illegal sentence.

{¶ 6} For clarity, we address the assignments of error out of order.

### Relevant Law and Standard of Review

{¶ 7} The trial court found Wallace in contempt of court for "disruption of court proceedings." A trial court has the inherent power "to punish the disobedience

---

[1] The record reflects that Wallace paid the $100 fine. Although Wallace paid the fine, she did so involuntarily to avoid being placed in custody. Accordingly, we do not find this appeal moot. *In re Contempt of Morris*, 110 Ohio App.3d 475, 479, 674 N.E.2d 761 (8th Dist.1996).

of the court's orders with contempt proceeding." *Zakany v. Zakany*, 9 Ohio St.3d 192, 194, 459 N.E.2d 870 (1984). A court also has statutory authority to find persons in contempt of court under R.C. 2705.01, which reads that

> [a] court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.

{¶ 8} Direct contempt occurs when a person misbehaves "in the presence of or so near the court or judge as to obstruct the administration of justice." *In re Gonzalez*, 8th Dist. Cuyahoga No. 81831, 2003-Ohio-1960, ¶ 11.

{¶ 9} Because a court has the authority to summarily punish a contemnor for direct contempt, "procedural due process rights are inapplicable * * *." *State v. Fortson*, 8th Dist. Cuyahoga No. 79501, 2002-Ohio-1, citing *In re McGinty*, 30 Ohio App.3d 219, 507 N.E.2d 441 (8th Dist.1986). Accordingly, a court need not provide the contemnor a hearing or notice. *Id.*, citing *In re Gonzalez,* 70 Ohio App.3d 752, 591 N.E.2d 1371 (8th Dist.1990). Regarding the punishment that may be imposed for direct contempt, the Ohio Supreme Court held:

> In imposing punishment for acts of direct contempt, courts are not limited by legislation but have the power to impose a penalty reasonably commensurate with the gravity of the offense. (*State v. Local Union 5760*, 172 Ohio St. 75, paragraph four of the syllabus, approved and followed.).

*State v. Kilbane*, 61 Ohio St.2d 201, 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus.

{¶ 10} A court's finding of direct contempt is reviewed on appeal for an abuse of discretion. *State v. Lanzy (In re Christman)*, 2022-Ohio-1937, 190 N.E.3d

1225, ¶ 6 (8th Dist.). When applying this standard of review, we are not free to substitute our judgment for that of the trial court. *Lahoud v. Tri-Monex, Inc.*, 8th Dist. Cuyahoga No. 96118, 2011-Ohio-4120, ¶ 38, citing *In re Jane Doe 1*, 57 Ohio St.3d 135, 566 N.E.2d 1181 (1991). "'The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *State v. Smiley*, 8th Dist. Cuyahoga No. 110878, 2022-Ohio-1242, ¶ 7, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Disruption of Court May Be the Basis of a Contempt Finding

{¶ 11} Within the first assignment of error, Wallace argues that her action in the courtroom, albeit "ill-advised," did not rise to an act for which contempt could be found. The state offered no position as to whether the outburst in the courtroom was contemptuous behavior.

{¶ 12} The record reveals that Wallace's outburst caused the deputy sheriff to intervene and begin to remove her from the courtroom, was loud enough to be heard and recorded by the court stenographer, and stopped the ongoing discussion between the trial judge and counsel. The trial court stated in court and in her journal entry that it found Wallace in contempt because she "disrupted the proceedings."

{¶ 13} The Ohio Supreme Court noted that "if a defendant's outburst or other courtroom misbehavior causes a significant disruption that obstructs the administration of justice, that behavior may be punishable as contempt of court." *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 1; *see State*

*v. Wilson*, 30 Ohio St.2d 312, 314, 285 N.E.2d 38 (1972), citing *Nye v. United States*, 313 U.S. 33, 52 (1941) (Counsel's actions in unnecessarily repeated objections and requests and disregard of court's order to sit down amounted to disrespect "and to actual interruption of the court in the conduct of its business."). In *Antenucci v. Shaeffer*, 2d Dist. Montgomery No. 12605, 1991 Ohio App. LEXIS 4122, 3-4 (Aug. 27, 1991), the court noted that "[a]n outburst in a courtroom so boisterous as to disrupt the court's proceedings is typical of [direct contempt.]." Accordingly, an outburst in a courtroom that stops or disrupts ongoing proceedings of the court could be found to be contemptuous behavior.

{¶ 14} The record in this case does not detail the level of Wallace's outburst, but the effect of Wallace's conduct is documented within the record. Her outburst stopped the proceedings in the courtroom. This court has found that "the power of summary direct contempt should be restricted to a conduct that tends to impede, embarrass or obstruct the court in the performance of its functions." *Fortson*, 8th Dist. Cuyahoga No. 79501, 2002-Ohio-1.

{¶ 15} Our review under Wallace's first assignment of error is limited to determine whether the trial court abused its discretion in determining her actions were contemptuous. Although other judges when faced with disruptions from the gallery may restore order without invoking contempt powers, we cannot, on the record provided in this case, find that the trial court abused its discretion for finding Wallace in contempt for an outburst that stopped the court's proceedings.

{¶ 16} The first assignment of error is overruled.

**A Court May Summarily Punish Persons Found in Direct Contempt**

{¶ 17} Within the third assignment of error, Wallace notes the trial court summarily punished her for contempt, but argues that pursuant to Crim.R. 32(A)(1) she had the right to allocution before the trial court imposed punishment. The state argues that the trial court has the power to summarily and immediately impose punishment for direct contempt and such summary power precludes a right of allocution.

{¶ 18} Wallace cites an unreported case from another district, *State v. Rice*, 5th Dist. Licking No. CA-2626, 1979 Ohio App. LEXIS 8733, 2 (Oct. 5, 1979), for the proposition that a contemnor has the right to allocution before a punishment is imposed. In *Rice*, the court found a contemnor to have a right of allocution by finding that the Rules of Criminal Procedure apply to a court's direct contempt proceeding. The opinion did not discuss or explain why the Rules of Criminal Procedure would apply to a direct contempt proceeding. We are not persuaded to follow *Rice* and apply the Rules of Criminal Procedure to direct contempt proceedings.

{¶ 19} The Rules of Criminal Procedure apply to courts "in the exercise of criminal jurisdiction." A summary finding of direct contempt under R.C. 2705.01 is not an exercise of criminal jurisdiction because the conduct being punished is not a criminal offense. R.C. 2901.03 reads:

(A) No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code.

(B) An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty.

(C) This section does not affect any power of the general assembly under section 8 of Article II, Ohio Constitution, nor does it affect the power of a court to punish for contempt or to employ any sanction authorized by law to enforce an order, civil judgment, or decree.

{¶ 20} Accordingly, Crim.R. 32.1(A)(1) is not applicable to direct contempt proceedings because the act of being punished is not a criminal offense. The trial court, although it could have, need not have granted Wallace the ability to allocute before imposing summary punishment.

{¶ 21} The third assignment of error is overruled.

**The Punishment Imposed Was Not Unreasonable**

{¶ 22} In her fourth assignment of error, Wallace argues that if her actions could be considered contemptuous, the punishment imposed was unreasonable. The state argues that the fine was reasonable. Wallace conceded that a $100 fine is small but complains that the trial court's order that she not leave until the fine was paid was the imposition of a "literally indeterminate period in jail."

{¶ 23} Where direct contempt is found, the court has "the power to impose a penalty reasonably commensurate with the gravity of the offense." *Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386, at paragraph one of the syllabus. Punishment for direct contempt may include a fine or confinement in jail. *See, e.g., Warren v.*

*DeMarco*, 11th Dist. Trumbull No. 2003-T-0052, 2004-Ohio-3191, ¶ 3 (ten-day jail sentence appropriate for disruption of court proceedings).

{¶ 24} Wallace provides no precedent or support for the proposition that a trial court cannot remand a contemnor until a fine is paid. The state argues that the trial court's imposition of a $100 fine for contempt and an order not to leave until the fine was paid was both proportionate to the disruption caused and reasonable under the circumstance. In this case, the trial court imposed a fine but did not impose a jail sentence. The condition of payment before leaving was not per se unreasonable, especially where the court had the power to impose a jail sentence for the disruption of proceedings. *See, e.g., DeMarco* at ¶ 3.

{¶ 25} The fourth assignment of error is overruled.

**The Trial Court's Journal Entry Was Sufficient to Allow for Review**

{¶ 26} Within her second assignment of error, Wallace notes that a court is required to provide a factual basis for a finding of contempt and enter that basis on the journal. She argues that the trial court did not do so in this case. The state argues that the conduct for which Wallace was found in contempt was stated in the journal entry and in court.

{¶ 27} In *Smiley*, 8th Dist. Cuyahoga No. 110878, 2022-Ohio-1242, the contemnor argued that the trial court erred by failing to articulate any findings of fact or factual basis for the finding of contempt. *Id.* at ¶ 5. In *Smiley*, the journal entry read in relevant part, "Defendant in contempt of court. Defendant to do additional 30 days at disposition. Hold placed." *Id.* at ¶ 4. This court reversed the

contempt finding "[b]ecause the trial court's judgment of contempt failed to contain a complete recitation of the facts upon which its finding of contempt is based, this court cannot reach the merits of Smiley's appeal." *Id.* at ¶ 12, citing *In re Summers*, 9th Dist. Summit No. 24981, 2010-Ohio-5993. In *Summers*, the Ninth District Court of Appeals similarly reversed a finding of contempt where "the trial court's order [did] not reflect what conduct led to its summary contempt finding." *Summers*, 2010-Ohio-5993, at ¶ 7. The court explained the necessity of findings because "it is critical for the reviewing court to be able to examine the precise facts upon which the trial court based its summary contempt finding." *Id.* at ¶ 6.

{¶ 28} In contrast to the entries appealed in *Smiley* and *Summers,* which contained no information as to the contemptuous conduct, the journal entry in this case states the reason for the finding of contempt: "Wallace is held in contempt of court *for disruption of proceedings*." (Emphasis added.) The journal entry finding Wallace in contempt, although bereft of description, affirmatively states the reason for the contempt finding. Moreover, the conduct was reflected in the record on appeal. As such, the journal entry appealed in this case does not preclude our review.

{¶ 29} The second assignment of error is overruled.

III.   CONCLUSION

{¶ 30} The trial court's finding of contempt for Wallace's outburst that stopped the court's proceedings was not an abuse of discretion, and the journal entry finding Wallace in contempt affirmatively stated the reason for the contempt finding

and did not preclude appellate review. The trial court did not error by not providing Wallace with the opportunity to allocute because the trial court had both the inherent and statutory authority to summarily punish an act of direct contempt. The $100 fine for contempt and order not to leave until the fine was paid was proportionate to the disruption caused and reasonable.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR